# Winter-Loeb Grocery Co. *v.* Carroll.

*Bill to Enjoin Ejectment Suit.*

(Decided October 14, 1915.  Rehearing denied November 18, 1915. 70 South. 5.)

1. *Injunction; Jurisdiction; Legal Remedy.*—Where the mortgagors of land sold the equity of redemption to a third person, who in turn conveyed to the mortgagees which sale cured a defect in the description of the land in the mortgage only as between the mortgagee and the mortgagors, and did not affect an intervening mortgage giving junior mortgagees legal title to the land in question, subject to the equity of the first mortgagor arising out of the misdescription of the land in his mortgage, of which the junior mortgagee had notice, the first mortgagee could maintain a bill in equity against the junior mortgagee to enjoin a suit in ejectment and decree his rights in the land, since the complainant did not have the legal title to the land, and his right to have his mortgage reformed did not rest upon his purchase of the equity of redemption from the mortgagor's transferee.

2. *Vendor and Purchaser; Notice of Mortgage.*—A mortgage works constructive notice only as to the land conveyed and covered thereby.

3. *Injunction; Burden of Proof.*—In a bill by a senior mortgagee to enjoin a suit in ejectment against him by the junior mortgagee, the burden of proof is on the complainant to show that the junior mortgagee had actual notice of the senior mortgagee's right in the land not covered by the senior mortgagee's mortgage because of mutual mistake of mortgagee and mortgagor.

[Winter-Loeb Grocery Co. v. Carroll.]

APPEAL from Pike Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by J. S. Carroll against the Winter-Loeb Grocery Company to enjoin a suit in ejectment, and decree rights in certain land. Decree for complainant, and respondent appeals. Reversed and rendered.

The bill alleges that on November 29, 1905, W. J:, C. E., J. A., and M A. Dennis became indebted to orator in the sum of $1,251.13, and on that day they executed a note and mortgage to orator, payable on October 1st, thereafter; said mortgage embracing the N. ½ of the S. W. ¼, and the S. E. ¼ of the N. W. ¼, in section 35, township 11, range 19, the said mortgage being recorded in the probate office on December 18, 1905, in Pike county. It is further alleged: That on May 18, 1908, a mortgage was executed by W. J. Dennis and C. E. Dennis to the Winter-Loeb Grocery Company, reciting: That the partnership of J. A. Dennis & Son was indebted to respondent in the sum of $1,922.49. That J. A. Dennis had died, and left the business affairs of the partnership in the hands of W. J. Dennis as surviving partner, and for the purpose of extending an old debt of said partnership said mortgage was executed by W. J. Dennis and wife, and embraced the following land: E. ½ of N. W. ¼ and N. W. ¼ of N. W. ¼, section 34, township 11, range 19, in Pike county, Ala. That in describing the lands embraced in the mortgage from Dennis to orator, above mentioned, a mutual mistake was made in the description, so as to misdescribe 80 acres thereof, as the mortgagors owned at that time 120 acres of land, the description of which by government numbers is as last above described in the mortgage to respondent, which lies in a body, and that the mortgagors did not own the N. ½ of the S. W. ¼ of said section, township, and range, and owned no other 120 acres of land in said sec-

tion, township, and range, in Pike county at the time of the execution of the two mortgages. That said mortgagors were on both occasions in possession of the N. ½ of the N. W. ¼ of said section, township, and range, and were not in possession of the N. ½ of the S. W. ¼ thereof, and claimed no interest therein, as is shown by the record in the probate office, and as shown by the tax books in Pike county. The facts are then alleged, showing that respondent at the time of taking its mortgage had notice of the fact herein alleged, and of orator's right and claims to the land which was mortgaged to respondent; also facts showing that respondents were not bona fide purchasers, and not without notice of the rights and claims of orator; that orator was in possession of said 80, and respondents have entered a suit in ejectment in circuit court of Pike county for the recovery of said 80. It is further alleged: That at the time of the execution of the mortgage to orator W. J. Dennis owned the 80 acres of land, and that both he and his wife signed orator's mortgage, and that since the execution of orator's mortgage said W. J. Dennis and wife had sold and conveyed all their right, title, and interest to said land to one T. W. Whitehurst, and executed to him a warranty deed, and put said Whitehurst in possession thereof; said deed being dated November 5, 1908, and recorded February 15, 1909. That said Whitehurst, whilst still in possession of the land, sold and conveyed the same to orator on the 27th day of February, 1909, and that orator's title is complete and perfect, although respondent has a prior legal title, and therefore orator must resort to chancery. The various mortgages and deeds are made exhibits to the bill, and, in addition to the prayer noted above, a further prayer is asked reforming orator's mortgage, so as to render the description that intended when the mortgage was executed.

[Winter-Loeb Grocery Co. v. Carroll.]

STEINER, CRUM & WEIL, and E. R. BRANNEN, for appellant.

FOSTER & SAMFORD, for appellee.

ANDERSON, C. J.—(1) While the bill avers a sale of the equity of redemption by W. J. Dennis and wife, the owners and mortgagors of the land, to Whitehurst, and a conveyance by said Whitehurst to J. S. Carroll, it also avers that this only cured the defect as between the said Carroll and the mortgagors, but expressly sets forth the fact that the said last conveyance did not affect the intervening mortgage of the respondents, who had the legal title under their mortgage to the 80 acres of land in question, subject to the equity of the complainant arising out of the misdescription of the land in the complainant Carroll's mortgage, and of which the respondents had notice. The bill did not therefore show that the complainant had the legal title to the land, or that his right to have the mortgage reformed rested upon his subsequent purchase of the equity of redemption from Whitehurst, and the said bill was not subject to the respondent's demurrer which was properly overruled by the chancery court.

(2) It may be conceded that there was such a mutual mistake as would authorize a reformation of the mortgage as between the parties thereto; but after a careful consideration of the evidence we are of the opinion that the respondent was a purchaser without notice of the 80 acres in question. The complainant's mortgage was not constructive notice as to the land not contained therein, and there was nothing in it to show that it was intended to convey all of the mortgagor's land.

(3) The complainant attempted to show actual notice, and the burden of proof was upon him to do so; but

upon a consideration of the evidence in its entirety, taking into consideration also the surrounding facts and circumstances, we are not satisfied that the respondent had notice of the complainant's equity, when taking the mortgage and extending the indebtedness. The chancery court erred in granting the complainant's relief, and the decree is reversed, and one here rendered dismissing the bill of complaint.

Reversed and rendered.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.